(No. 39767.—

WILMA FARIS, Appellee, *vs.* HARRY FARIS, Appellant.

*Opinion filed September 23, 1966.*

THEODORE L. ANDERSON, of Sycamore, for appellant.

Mr. JUSTICE HERSHEY delivered the opinion of the court:

Wilma Faris filed a petition in the circuit court of De Kalb County for writ of *habeas corpus* to secure from her former husband, Harry Faris, their three-year-old daughter, Wendy Faris. Upon respondent's failure to produce the child as ordered by the trial court, he was adjudged in contempt and ordered committed to the county jail pending compliance. Claiming violation of his constitutional rights, respondent has appealed directly to this court.

It appears that the parties were married in Tulsa, Oklahoma, in 1961, and later moved to De Kalb County, Illinois, where they resided with their two children until November, 1964, when petitioner returned to Oklahoma with only one of her daughters, leaving Wendy with respondent in Illinois. On August 3, 1965, after a third child had been born of the marriage, petitioner instituted a suit for divorce in Oklahoma and a divorce decree was entered on September 20, 1965. The Oklahoma decree found that service of process upon respondent had been obtained by publication and granted custody of all three children to the mother. Shortly thereafter petitioner resumed her residence in Illinois and on November 2, 1965, commenced the instant *habeas corpus* proceeding.

Pursuant to the petition, a writ of *habeas corpus* issued

directing respondent to produce Wendy Faris in open court on November 4, 1965. He entered his unqualified appearance on November 5 and at the same time moved to quash the writ on the principal ground that the Oklahoma court had at no time acquired jurisdiction over the person of respondent or Wendy Faris. Upon denial of his motion to quash, respondent filed his return to the writ of *habeas corpus*, stating that on May 6, 1965, he had surrendered the custody and control of said child to Reverend and Mrs. George Karney of Bristol, Connecticut, whereupon the court ordered respondent to produce her in open court on November 12. When he refused to comply, he was found in contempt of court.

It has long been established that *habeas corpus* is a proper proceeding to determine the custody of minor children. (*People ex rel. O'Connell* v. *Turner,* 55 Ill. 280; *Giacopelli* v. *Florence Crittenton Home,* 16 Ill.2d 556.) And although divorce decrees of sister States, and their related child custody determinations, will be given full faith and credit if based upon proper jurisdictional ground, (*People ex rel. Koelsch* v. *Rone,* 3 Ill.2d 483,) our courts are not precluded from further considering such matters where the foreign court did not have proper jurisdiction over the parties, or where circumstances have arisen since the divorce which would warrant a review of the custody issue. (*People ex rel. Stockham* v. *Schaedel,* 340 Ill. 560; *May* v. *Anderson,* 345 U.S. 528, 97 L. Ed. 1221, 73 S. Ct. 840; 16 I.L.P., Divorce, sec. 244.) When the latter issue is reconsidered by our courts, the best interest of the child is of prime consideration. *Giacopelli* v. *Florence Crittenton Home,* 16 Ill.2d 556.

The instant petition for writ of *habeas corpus,* in addition to pointing out the Oklahoma child custody determination, alleged that "said child is of tender years and requires a mother's care for her proper upbringing, and that peti-

tioner is financially able to adequately care for, support, maintain, and educate said child, and that she is a woman of good moral character." When appearing before the trial court on November 5, respondent maintained that the Oklahoma decree was void insofar as it related to this child's custody, whereupon the court, in accordance therewith, ruled that it was "not bound to award the custody in accordance with that decree" but would "hear the case here and determine what is for the best interests of this child." The court went on to say, however, that if such a hearing was to be held "then this court has got to insist on the production of the body of this child here." Respondent's counsel in open court indicated that his client wished to proceed with hearing in the Illinois court, and respondent was then ordered to appear with the child for hearing on November 12. However, the child was not produced at the subsequent hearing and, upon inquiry by the court, counsel stated it was their opinion that the Illinois court was without jurisdiction and need not be obeyed, whereupon the following remarks occurred between the court and respondent:

> "THE COURT: As far as this court is concerned, having this matter before it, the court is compelled to insist that this child be presented here, and I am giving you an opportunity to bring the child in here and have a full and complete hearing here in this court ... What do you intend to do? Do you intend to bring this child in here or not?

> \* \* \* \* \*

> "THE DEFENDANT: Your Honor, the answer is 'No,' I do not intend to bring the child to Illinois until I am instructed to do so by my attorney."

In view of the fact that the Illinois court had decided not to be bound by the Oklahoma decree, but rather to conduct a full hearing upon the child custody issue, it is unnecessary for us to determine the validity of the divorce decree. Rather, the principal question now presented is whether,

under the facts of the case, a contempt occurred in the Illinois court.

One is justified in refusing to comply with a court order only if such order is utterly void, but it is no defense in a contempt proceeding to show that the order was merely erroneous. (*Cummings-Landau Laundry Machinery Co.* v. *Koplin,* 386 Ill. 368; 12 I.L.P., Contempt, sec. 31.) If the court had jurisdiction of the subject matter and of the parties to the proceeding, then its order must be obeyed until such time as it is set aside by the issuing or reviewing court. (*People ex rel. Titzel* v. *Hill,* 344 Ill. 246.) Jurisdiction of the subject matter means the power of that particular court to hear the type of case that is then before it. (*Baker* v. *Brown,* 372 Ill. 336; *Rabbitt* v. *Weber & Co.* 297 Ill. 491.) There is no doubt that the trial court here was a proper forum for *habeas corpus* cases, and it is acknowledged that respondent voluntarily entered his appearance. Thus the court had the necessary power over both the subject matter and the parties to render the order to produce the child, and we believe respondent's refusal constituted a contempt of court.

Section 13 of the Habeas Corpus Act, (Ill. Rev. Stat. 1965, chap. 65, par. 13,) provides that the person upon whom the writ is served shall at the time of making his return "bring the body of the party, if in his custody or power or under his restraint, according to the command of the writ, unless prevented by the sickness or infirmity of the party." It is no answer that the child is not in the actual physical control of a respondent if the record as a whole indicates that he has made no effort to produce the child or is insincere in his defense. (*Dutton* v. *Freeman,* 213 Ga. 445, 99 S.E.2d 204; 39 C.J.S., Habeas Corpus, sec. 41.) Although we find no Illinois decision upon this exact point, in *Ex parte Crowther,* 121 Okla. 183, 249 P. 156, the respondent contended the child was no longer in Oklahoma but had been taken to Texas, and therefore that he was under

no duty to produce the child. In holding to the contrary, the Supreme Court of Oklahoma pointed out the respondent had failed to show he was without power to return the child and was therefore obligated to obey the Oklahoma court. Similarily, the Supreme Court of Iowa in *Rivers* v. *Mitchell,* 57 Iowa 193, 10 N.W. 626, held that even though the child was in Missouri, the Iowa court had jurisdiction and this fact alone did not excuse a respondent from producing the child as he was ordered to do. In the present case respondent did not state that he *could not* produce the child; rather, he said he *would not* do so. This constituted a ·defiance of the court, committed in its presence, which the trial court adjudged to be contempt. We find no error in this respect.

. Complaint is also made of amendments of the petition permitted by the trial court, the allegations thereof, its ·verification, and venue. These are matters which do not go ·to the jurisdiction of the court but only to the correctness of its rulings, and as indicated above are therefore not in issue in this contempt proceeding. (*Cummings-Landau Laundry Machinery Co.* v. *Koplin,* 386 Ill. 368.) The trial court did not hold, as respondent implies, that section 15 of the Habeas Corpus Act, (Ill. Rev. Stat. 1965, chap. 65, par. 15,) requires the automatic incarceration of one who fails to produce the individual as ordered by the court. To the contrary, the respondent was punished for contempt because he flatly refused to even make an attempt to secure the child. Finally, there is no merit whatsoever to respondent's claim that he has been denied due process of law. He was offered every opportunity to produce the child or show his inability to do so, and had he complied with this order, he would have been granted a full and complete hearing. This meets the constitutional requirement of an orderly proceeding adapted to the nature of the case. *City of Chicago* v. *Cohn,* 326 Ill. 372.

After carefully considering this matter, we are of the

opinion that the circuit court of De Kalb County acted within its authority in finding respondent guilty of contempt, and its order is therefore affirmed.

*Order affirmed.*