(No. 42185.—

Donald Peters *et al.,* Appellants, *vs.* South Chicago Community Hospital *et al.,* Appellees.—Donald Peters *et al.,* Appellants, *vs.* Norwegian-American Hospital *et al.,* Appellees.

*Opinion filed November 26, 1969.*

LESTER ASHER, BENJAMIN J. JACOBSON, JOSEPH E. GUBBINS and JOHN J. McNICHOLS, all of Chicago, (ASHER, GREENFIELD, GUBBINS AND SEGALL, of counsel,) for appellants.

ROBERT W. MACDONALD and WILLIAM B. HANLEY, both of Chicago, (MACDONALD & HANLEY and ELMER C. ABRAHAMSON, of counsel,) for appellees.

HUGH J. McCARTHY, of Chicago, (McCARTHY, GREGORIO, MURPHY & FOLEY, of counsel,) for Illinois State Federation of Labor and Congress of Industrial Organizations, *amicus curiae.*

STUART BERNSTEIN and ARTHUR J. KOWITT, both of Chicago, (MAYER, FRIEDLICH, SPIESS, TIERNEY, BROWN & PLATT, of counsel,) for Chicago Hospital Council and The Illinois Hospital Association, *amicus curiae.*

PER CURIAM : The question presented by these two cases consolidated for review is whether the public policy of this State prohibits employees of a hospital from striking and members of a hospital labor union from peacefully picketing a hospital.

On February 26, 1968, the circuit court of Cook County entered an order the effect of which permits Hospital Employees Labor Program, a labor union, to organize a strike by its member employees of South Chicago Community Hospital and Norwegian-American Hospital and to peacefully picket these hospitals. The First District Appellate Court held that a strike by hospital employees and the picketing of a hospital is against the public policy of this State when it impedes the operation of the hospital. (107 Ill. App. 2d 460.) It reversed the order of the circuit court and issued a certificate of importance pursuant to our Rule 316. Ill. Rev. Stat. 1967, ch. 110A, par. 316.

The facts are adequately recited in two opinions by the appellate court which preceded the issuance of the certificate of importance. (92 Ill. App. 2d 37 and 107 Ill. App. 2d 460.) In addition to the thorough and extensive briefs filed by the labor union and hospitals, the Illinois State Federation of Labor and Congress of Industrial Organizations, and the Chicago Hospital Council and Illinois Hospital Association have filed briefs as amici curiae.

Not-for-profit hospitals are expressly excluded from coverage of the National Labor Relations Act by section 2(2) of that Act. (29 U.S.C. sec. 152(2).) Several States have enacted labor legislation which expressly or by clear implication covers hospital employees not covered by the N.L.R.A. (See Colorado Rev. Stat. Ann. 1953, secs. 80—5—1 to 22); Connecticut Gen. Stat. Ann. 1961, secs. 31—101 to 111; Hawaii Rev. Laws 1955, secs. 90—1 to 19 as amended (Supp. 1963); Kansas Gen. Stat. Ann. 1964, secs. 44—801 to 817; Massachusetts Gen. Laws Ann. 1967, ch. 150A, secs. 1 to 12, as amended (Supp. 1964); Michigan Stat. Ann. 1960, secs. 423.1 to 423.30; Minnesota Stat. Ann. 1947, secs. 179.01 to .29; New York Labor Law, secs. 700 to 716; North Dakota Cent. Code (1963 Supp.), secs. 34—12—01 to 14; Oregon Rev. Stat. 1963, secs. 651.010 to .990,

secs. 661.010 to .990, secs. 662.010 to .990; Pennsylvania Stat. Ann. 1964 tit. 43, secs. 211.1 to .13; Rhode Island Gen. Laws Ann. 1950, secs. 28—7—1 to 47; Utah Code Ann. 1953, secs. 34—1—1 to 34, as amended (Supp. 1963); Wisconsin Stat. Ann 1957, secs. 111.01 to .19, as amended (Supp. 1959).) There have been efforts to enact similar legislation in this State, (see *e.g.,* H.B. 544, 76th General Assembly, and H.B. 1853, 75th General Assembly,) but there is presently no general or special legislation in this State regulating the labor relations of not-for-profit hospitals.

When these cases were first heard by the circuit court, it entered an order the effect of which would have filled, to some extent, the void left by the absence of legislation by the State and Federal governments covering the labor relations of the defendant hospitals. In short, the court ordered an election by certain of the hospital employees to determine whether they wanted the union to represent them for collective bargaining purposes and enjoined the union from organizing a strike or picketing the hospitals. The appellate court held that the judiciary "may not formulate labor rules or policies when the legislature has failed to do so" and reversed the trial court. 92 Ill. App. 2d 37, 45.

On remand of the cases, the trial court vacated the temporary injunction. The appellate court again reversed the trial court holding, as we have mentioned, that a strike by hospital employees and the picketing of a hospital is against the public policy of this State when it impedes the operation of the hospital.

The appellate court first recognized that section 1 of "An Act relating to disputes concerning terms and conditions of employment" (Ill. Rev. Stat. 1967, ch. 48, par. 2a), commonly called the Anti-Injunction Act, prohibits the issuance of injunctions against peaceful picketing or strikes. The court then stated (107 Ill. App. 2d at 465): "An ex-

ception prevails when the purpose of the picketing or strike is illegal because it violates a statute or public policy" and went on to say:

"The question for determination is whether a peaceful strike and picketing directed against a not-for-profit hospital is illegal as being contrary to public policy. The answer lies in balancing two conflicting principles of public policy. On one hand is the right of employees to organize and picket or strike with a view toward obtaining higher wages and better working conditions. On the other hand, not-for-profit hospitals provide a vital service to the community by ministering to the needs of the sick and injured, which needs are immediate and should not be interrupted or delayed. The employees involved range from X-ray technicians and physical therapists to janitors and kitchen help, that is, practically all hospital employees except registered nurses and doctors. We have found no Illinois decision which has considered the issue as it relates to hospitals. However, the Supreme Court of our State has held that the proper and efficient education of children is an overriding public interest of such importance as to transcend the right of custodial workers to strike or picket a public school. (*Board of Education* v. *Redding*, 32 Ill.2d 567, 207 N.E.2d 427.) Sound health and life are also important to a community.

"The rights of those who labor must be respected, but the operation of a hospital involves a public interest of such urgency that labor's right to strike must yield to the greater importance of the uninterrupted and efficient operation of hospitals, * * *." 107 Ill. App. 2d at 465-466.

It is true that this court in *Redding* (32 Ill.2d 567) held that the proper and efficient education of children is an overriding public interest of such importance as to transcend the right of custodial workers to strike or picket a public school. However, the public policy to "provide a thorough and efficient system of free schools" is expressly stated in section 1 of article VIII of our constitution. (Ill. Const., art. VIII,

sec. 1.) Thus, it was not this court that declared the public policy, as did the appellate court in this case, it was the constitution that declared the public policy.

In addition to the argument advanced by the appellate court for holding that the public interest in uninterrupted and efficient operation of hospitals overrides the public interest in the rights of hospital employees to strike and picket, the hospitals and hospital association have presented at length other arguments supporting the same proposition. For example, the *amicus* brief of the hospital association states that in fiscal 1967 the Illinois Public Aid Department expended $30,433,292 for hospital care for 9,952,981 medically indigent persons; that in 1967 the hospitals in Cook County handled 613,270 patients visits in their emergency rooms of which number 556,208 were handled in not-for-profit hospitals; and that in 1967 the emergency room caseload in hospitals outside of Cook County was 924,059 of which number 800,511 were treated in not-for-profit hospitals.

However, the Anti-Injunction Act provides: "No restraining order or injunction shall be granted by any court of this State, * * * in any case involving or growing out of a dispute concerning terms or conditions of employment, * * *." (Ill. Rev. Stat. 1967, ch. 48, par. 2a.) The language of the statute is clear and it makes no exceptions for hospitals. This is the only legislative expression of public policy which touches on the labor relations of these not-for-profit hospitals. As we have mentioned, the General Assembly has failed to enact legislation which would govern these labor relations otherwise than as expressed in the anti-injunction statute. Unlike *Redding* there is no overriding expression of public policy here such as the constitutional mandate that the General Assembly shall "provide a thorough and efficient system of free schools, * * *." Ill. Const. art. VIII, sec. 1.

For the foregoing reasons, we hold that hospitals are not

exempt from the Anti-Injunction Act and that the legislature must grant such exemption if it is to be granted. The judgment of the First District Appellate Court is accordingly reversed and the judgment of the circuit court is affirmed.

*Appellate Court reversed;*
*circuit court affirmed.*