(No. 42387.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, *vs.* GEORGE W. SCOTT, Appellant.

*Opinion filed Sept. 22, 1970.—Rehearing denied Dec. 3, 1970.*

GETER & GETER, of Chicago, (HOWARD D. GETER, SR., and HOWARD D. GETER, JR., of counsel,) for appellant.

WILLIAM J. SCOTT, Attorney General, of Springfield, and EDWARD V. HANRAHAN, State's Attorney, of Chicago, (JAMES B. ZAGEL, Assistant Attorney General, and ELMER C. KISSANE and ANTHONY MONTEMURRO, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE CULBERTSON delivered the opinion of the court:

Defendant, George W. Scott, was convicted of the offense of gambling (Ill. Rev. Stat. 1967, ch. 38, par. 28—1 (a)(5)) after a bench trial in the circuit court of Cook County and sentenced to imprisonment in the house of correction for a period of six months and fined $200. On this appeal he contends that his conviction was obtained in violation of his constitutional rights and must be reversed in that it was predicated upon the fruits of a search made pursuant to a warrant for which no probable cause had been established.

The search warrant in question was issued pursuant to a sworn complaint therefor, executed by Officer Morgan Mitchem of the Chicago Police Department, which document reads in relevant part as follows:

"Detective Morgan Mitchem, Chicago Police Department, complainant, now appears before the undersigned judge of the Circuit Court of Cook County and requests the issuance of a search warrant to search * * * basement

of 6316 South Morgan Street, Chicago, Illinois and seize the following instruments, articles and things: all records of horse bets, sports bets and miscellaneous gambling paraphernalia, or any other evidence thereof, which have been used in the commission of, or which constitute evidence of the offense of gambling.

"Complainant says that he has probable cause to believe, based upon the following facts, that the above listed things to be seized are now located upon the * * * premises set forth above:

"AFFIANT: I, Officer Morgan Mitchem, at all times material herein, a Police Officer of the Intelligence Division, Chicago Police Department, was assigned to conduct an investigation relating to the offense of gambling, particularly bookmaking (horse betting).

SURVEILLANCES: I, Morgan Mitchem, observed George W. Scott, who is known to me as being a bookmaker, on Friday, 1 November 1968 at approximately 10:30 A.M., George W. Scott drove up in a 1960 blue Pontiac bearing 1968 Illinois license CU 7283, George W. Scott entered the basement of 6316 South Morgan with a key. Approximately fifteen minutes later, George W. Scott left these premises and walked to the Hill's Lounge located at 1009 West 63rd Street. At 12:00 P.M., 1 November 1968, George W. Scott re-entered the basement of 6316 South Morgan Street where he was observed making several telephone calls. At approximately 1:15 P.M. two unidentified Negro males were observed entering the basement of 6316 South Morgan Street. These men were observed looking over a scratch sheet and George W. Scott was making notations on a scratch pad. Moments later, these men left the basement, where upon [sic] George W. Scott immediately picked up the telephone and started talking with the scratch pad in his hand. After this telephone conversation, George W. Scott left the basement of 6316 South Morgan Street

and returned to the Hill's Lounge. Based on my experience in investigations of bookmaking gambling, after fifteen years on the Chicago Police Department, I know that this is the procedure that is used in bookmaking operations.

On 4 November 1968, at approximately 11:00 A.M., I saw George W. Scott again enter the basement of 6316 South Morgan Street. Also at this time, George W. Scott was observed taking a racing form and a scratch sheet from his pocket and placing these items on the table with the telephone. After making two telephone calls, George W. Scott left the basement and walked to the Hill's Lounge located at 1009 West 63rd Street. George W. Scott was observed making several trips from the tavern to the basement of 6316 South Morgan Street. Several unidentified Negro male and female persons were seen entering the basement. At approximately 4:30 P.M. George W. Scott was seen seated at the table with a racing form. Three Negro males entered the basement and looked over the shoulder of George W. Scott who was scanning the racing form.

On 6 November 1968, at approximately 12:00 P.M. George W. Scott, driving the 1960 blue Pontiac bearing 1968 Illinois license CU 7283, parked in front of 6316 South Morgan Street and entered the basement of these premises. At approximately 1:30 P.M. two unidentified Negro males were seen going in the basement of this location. Moments later, these men left the premises. George W. Scott emerged from the basement and stood on the front steps, conversing with an unidentified Negro female. At this time, George W. Scott had a scratch sheet in his hand.

RECORDS: I personally checked the following records and sources of information with the following results indicated for each:

SECRETARY OF STATE: 1968 Illinois license CU 7283 is registered to one George W. Scott at 6341 South Normal Blvd.

INQUIRY SECTION AND INTELLIGENCE FILES: George W. Scott has several arrests for gambling-bookmaking, with one conviction of $100.00. In April 1967 Scott was indicted by the Grand Jury No. 67-1250, for gambling. ILLINOIS BELL TELEPHONE COMPANY: This source of information lists the following person as being the subscriber of a working line in the basement of this 6316 South Morgan Address.

William Griffin telephone number 435-3951. This name, William Griffin checked negative at all sources."

Defendant argues that the trial court erred in refusing to allow his motion to suppress the evidence upon which his conviction was predicated, which evidence was seized after a search of the premises described in the foregoing complaint. Specifically, he maintains that the complaint does not state sufficient facts to establish probable cause for the issuance of a search warrant in that it does not aver that any of the items mentioned in the complaint *i.e.*, records of horse bets, sports bets, and miscellaneous gambling paraphernalia, were located upon the premises in question. We disagree. It is specifically concluded in the complaint that such materials would be found on the premises in that some of the items sought were observed being used by the defendant on the premises at the time Officer Mitchem conducted his investigations.

It is further asserted that the sworn complaint does not set forth sufficient facts to establish probable cause for the issuance of a search warrant. We again must disagree. The officer's complaint states, in support of his conclusion that defendant was a known bookmaker, that defendant had previously been convicted of gambling and had again been indicted therefor. It is further stated that defendant was

seen entering the premises in question on three successive occasions carrying scratch sheets and a scratch pad. Several persons were observed in the premises talking to defendant, after which conversations defendant would use the telephone, talking thereon with the scratch pad in hand. Further, it is asserted that the telephone company's records did not list the phone in question as being in defendant's name. Under these circumstances, we believe it clear that probable cause for the issuance of the warrant was established. As we recently observed in *People* v. *Morano,* 45 Ill.2d 60, 63 : "The fact that the conduct described in the affidavit does not of itself amount to a violation of the law is immaterial. The conduct which the officer observed was, in our opinion, sufficient to justify the judicial officer who issued the search warrant in concluding that there was probable cause to believe that gambling was being conducted at the [premises in question]."

Defendant's reliance on *Spinelli* v. *United States,* 393 U.S. 410, 21 L. Ed. 2d 637, 89 S. Ct. 584, is misplaced. There the United States Supreme Court held that, absent reasons appearing in the application for the search warrant showing that an informant's tip was reliable, the officer's bare conclusion as to reliability as set forth in his affidavit would not suffice to provide the basis for a finding of probable cause. Here the factual assertions were largely based upon the officer's first-hand knowledge and were sufficiently set forth at some length in his sworn complaint.

No further questions being raised by defendant, the judgment of the circuit court of Cook County is affirmed.

*Judgment affirmed.*