(No. 42160.—

THE COUNTY OF PEORIA, Appellee, *vs.* HAROLD L. BENEDICT *et al.,* Appellants.

*Opinion filed December 4, 1970.*

KLEIMAN, CORNFIELD & FELDMAN, of Chicago, for appellants.

ROBERT S. CALKINS, State's Attorney, of Peoria, (ROLAND N. LITTERST, Assistant State's Attorney, of counsel,) for appellee.

Mr. JUSTICE KLUCZYNSKI delivered the opinion of the court:

This is an appeal by defendants, labor union Local 241, its staff representative, Harold Z. Benedict, and 13 indi-

vidual employees of the Peoria County Bel-Wood Nursing Home from an order of the circuit court of Peoria County making permanent a preliminary injunction, and holding defendants in contempt for violation of the preliminary injunction.

The cause presents essentially two main inquiries: (1) whether the preliminary injunction enjoining a strike and picketing by employees of a county nursing home violated the first, thirteenth and fourteenth amendments to the Federal constitution, section 14 of Article II of the Illinois Constitution, and the Illinois anti-injunction act; and (2) whether the contempt order for violation of that preliminary injunction infringed constitutional doctrines.

The county of Peoria operates the Bel-Wood Nursing Home for the benefit of residents of Peoria County, pursuant to statutory authorization. (Ill. Rev. Stat. 1969, ch. 34, par. 303.) During November, 1968, there were some 236 patients residing in the Home, of which 156 were infirm. The non-supervisory employees of the Home are members of Local 241, American Federation of State, County and Municipal Employees Union, and comprise 88 of the 104 employees of the Home.

With respect to the wage dispute involved here, in 1968 the superintendent of the Home advised Local 241 that he would recommend that the county board grant the employees of the Home a 10% wage increase for the fiscal year 1969, however, the county board offered only a 7% increase. Despite numerous negotiation meetings in which defendant Benedict participated, there was no agreement on wages between the union and the Board. About a week before November 30, 1968, the superintendent of the Home knew from statements of Benedict in the news media that there might be a strike on November 30 if the union demands were not met, and some preparation was made by the officials of the Home in the event of such strike.

On Wednesday, November 27, the day before Thanks-

giving, Benedict was notified by telephone at 3:00 P.M., and Nina Kerley, the secretary-treasurer of the Union, was served with written notice at 8:00 P.M. that a hearing on the county's complaint for an injunction against any strike would be held at 10:00 A.M. on November 29. At that hearing defendants did not appear and the court issued a temporary injunction restraining the union and defendants from conducting a strike against the county, from any work stoppage, and from setting up any picket lines on the property of the Bel-Wood Nursing Home. The injunctive writ was served on all defendants before November 30.

Notwithstanding the issuance of the injunction, at midnight on November 30, eight nurses aides on the 11:00 P.M. shift checked out and, between November 30 and December 6, none of the 88 employees who were members of the union reported for work. It is uncontroverted that defendant employees picketed in front and rear of the Home on county property with signs stating that a strike was in progress; that Benedict was observed picketing at the Home, and that he advised the pickets in their conduct. There was also evidence that the infirm patients had to be transferred to nearby private nursing homes; that the pickets threw roofing nails on the driveways, and harassed the volunteers who assisted at the Home.

On December 3, 1968, plaintiff filed a petition for a rule to show cause why certain individuals should not be held in contempt for violating the temporary injunction. On December 6 the court entered an interim order granting defendants leave to file motions and supporting briefs to dismiss the complaint, vacate the injunction and dismiss the rule to show cause. That interim order also authorized controlled picketing, and specified that a skeletal union work crew maintain minimum care for the patients at the Home pending a determination of the legality of the injunction, and continued the cause until January 2.

On January 2, 1969, the court, after noting there was no

misconduct on the scene after December 6, ruled that the preliminary injunction be made permanent. The court on the same date also held a hearing on plaintiff's rule to show cause. Their counsel admitted that the temporary injunction had been violated but pleaded mitigating circumstances, including defendants' limited education. The court entered a contempt order imposing a fine of $2400 against the union, a fine of $1500 and a 60-day jail sentence again defendant Benedict, and $50 fines each against 13 defendant employees. The fines against the 13 employees were to be suspended upon compliance with the permanent injunction. Defendants have appealed therefrom directly to this court.

Defendants argue first that the preliminary injunction constituted a prior restraint on speech and imposed servitude in violation of the first, thirteenth and fourteenth amendments to the Federal constitution, and section 14 of Article II of the Illinois constitution. We are cognizant that the United States Supreme Court has rejected the position that the first and fourteenth amendments afford the same kind of freedom to those who communicate ideas by conduct, such as picketing, as to those who communicate ideas by pure speech. (*Cox* v. *Louisiana,* 379 U.S. 536, 555, 13 L. Ed. 2d 471, 85 S. Ct. 453; *Walker* v. *City of Birmingham,* 388 U.S. 307, 316, 18 L. Ed. 2d 1210, 87 S. Ct. 1824.) We are also aware of the Supreme Court's emphasis that prior restraints of expression bear a "heavy presumption against constitutional validity." (*Carroll* v. *President and Commissioners of Princess Anne,* 393 U.S. 175, 181, 21 L. Ed. 2d 325, 331, 89 S. Ct. 347; *Freedman* v. *Maryland,* 380 U.S. 51, 57, 13 L. Ed. 2d 649, 85 S. Ct. 734.) However, as in *Carroll,* we do not reach the thorny problem of the constitutionality of the preliminary injunction in this case, either under the Federal or Illinois constitution, inasmuch as the cause can properly be adjudicated on other grounds.

In *Peters* v. *South Chicago Community Hospital,* 44 Ill.2d 22, we held the Illinois anti-injunction law applicable

to employees of a non-profit hospital. For the same reasons stated therein, we find the anti-injunction act (Ill. Rev. Stat. 1967, ch. 48, par. 2a) applicable to the instant case. That Act provides: "No restraining order or injunction shall be granted by any court of this State, * * * in any case involving or growing out of a dispute concerning terms or conditions of employment, * * *." Accordingly, the preliminary injunction was erroneously issued. Nevertheless, that injunction, while in force cannot be disregarded. Decisions of the United States Supreme Court and the Illinois Supreme Court have unequivocally held that where employees believe an injunction may have been improvidently issued they must first seek and obtain a judicial determination of its legality, and cannot disregard its mandate or violate its prohibitions with impunity. *Walter* v. *City of Birmingham,* 388 U.S. 307, 320, 321, 18 L. Ed. 2d 1210, 87 S. Ct. 1824; *United States* v. *United Mine Workers of America,* 330 U.S. 258, 293, 91 L. Ed. 884; *Howat* v. *Kansas,* 258 U.S. 181, 66 L. Ed. 550; *Board of Education, Kankakee School Dist.* v. *Kankakee Federation of Teachers,* 46 Ill.2d 433, *Faris* v. *Faris,* 35 Ill.2d 305, 309.

In *Walker,* the United States Supreme Court held that, notwithstanding the facts that the generality of the parade ordinance and the vagueness of the injunction raised substantial constitutional questions, the petitioners were not free to disobey the injunction. The court (388 U.S. at 330) gave approbation to the rule that while an unconstitutional statute is a nullity, and may not form the basis of any legal right or proceeding, yet, until its constitutionality has been judicially declared in appropriate proceedings no person charged with its observance, under an order or decree, may disregard or violate the order with immunity from a charge of contempt of court.

In the same vein, this court recently stated in the *Kankakee School District* case: "The simple and logical

rationale of these decisions is that where a court of equity issues an injunction, with jurisdiction of the subject matter and the persons, and upon pleadings properly invoking its action, the injunction must be obeyed, however erroneous the action of the court may be, until it is reversed for error by orderly review, either by the court itself, or a higher court. Disobedience of such an injunction is contempt of the lawful authority of the court and punishable as such. [Citation.]" 46 Ill.2d at 439.

The circuit court here, as in the *Kankakee* case, in issuing the preliminary injunction had jurisdiction over the subject matter and over the defendants. (Ill. Rev. Stat. 1969, ch. 69, pars. 1, 3.) In accordance with the statutory requirement notice was given on November 27 by phone to defendant Benedict and by written service on the secretary-treasurer of the defendant union, of the hearing to be held on November 29. Unlike *Carroll,* there was full compliance here with the procedural safeguards. That the hearing on November 29 was *ex parte* was the result of defendants' choice not to appear, and not because of arbitrary action by the plaintiff or the court. Although earlier notice might have been more convenient, in view of the impending holiday, nevertheless defendants did not see fit to request a continuance on November 29, but chose instead to ignore the hearing and to proceed with the strike on November 30 in complete disregard of the issuance of the temporary injunction with which they were admittedly served.

Under these circumstances defendants' violation of its prohibitions and restraints warranted punishment for contempt. The permanent injunction is hereby vacated and the order of the circuit court imposing the sentences for contempt is hereby affirmed.

*Affirmed in part and reversed in part.*