52 Ill.2d 496 (1972)
288 N.E.2d 455
UNITED MINE WORKERS OF AMERICA UNION HOSPITAL, Appellant,
v.
UNITED MINE WORKERS OF AMERICA DISTRICT NO. 50 et al., Appellees.
No. 44875.
Supreme Court of Illinois.
Opinion filed October 2, 1972.
*497 ROBERT S. HILL, of Benton, and DON R. LUCAS, of West Frankfort, for appellants.
J.C. MITCHELL and W.A. ARMSTRONG, of Marion, for appellees.
Appellate court reversed; circuit court affirmed.
MR. JUSTICE DAVIS delivered the opinion of the court:
The defendants were found in contempt of court in the circuit court of Franklin County for violating a temporary restraining order entered November 1, 1969. The Appellate Court for the Fifth District reversed the contempt judgment on the ground that the trial court did not possess the power to enjoin the conduct involved, and, hence the restraining order was void; and that the refusal to obey a void order could not be the basis for a contempt judgment.
The plaintiff is a not-for-profit corporation which operates a hospital in West Frankfort. The defendant union had a collective bargaining agreement with the *498 plaintiff which terminated at midnight on October 31, 1969. On the morning of October 31, 1969, the president of the board of directors of the hospital advised the union representatives that the hospital could no longer negotiate wages or working conditions with the defendant union in that a rival union had advised the hospital that it represented the employees. The defendant union representatives stated that they could negotiate a contract until midnight, but the negotiations nevertheless ceased.
The defendant union had earlier advised the hospital that unless a contract was agreed upon before the termination date of the collective bargaining agreement, the employees covered by the contract would strike. The hospital had begun preparations for the strike, and the number of patients in the hospital was below normal because of the threatened strike. About 20 to 30 patients were removed by ambulance to other area hospitals by the afternoon of November 1, 1969. These were the last patients to be removed from the hospital, and it was totally evacuated by that afternoon.
During the early morning hours of November 1, 1969, the defendants began picketing the hospital and sometime prior to 5:30 A.M., the hospital caused a complaint to be filed, asking that the strike and picketing be enjoined, and the trial court then issued a temporary restraining order without notice to the defendants. However, the picketing continued and on November 3 the plaintiff filed a petition for rule to show cause why the defendants should not be found in contempt for failure to obey the restraining order which had been served upon them. The defendants filed their answer to the petition and also a motion to dissolve the restraining order. After hearing evidence, the court found the defendants to be in contempt and assessed fines against them ranging from $10 to $5,000, and totalling $16,270.
The finding of contempt was made on November 26, 1969, but the contempt order was not filed until December *499 1, 1969. Ironically, this court filed its opinion in Peters v. South Chicago Community Hospital (1969), 44 Ill.2d 22, on November 26, 1969. In Peters we held that a peaceful strike and picketing against a not-for-profit hospital was not against public policy, that hospitals are not exempt from the provisions of the Anti-Injunction Act (Ill. Rev. Stat. 1969, ch. 48, par. 2a), and that the legislature must grant such exemption if it is to be given. In so holding, we reversed the appellate court (Peters v. South Chicago Community Hospital (1969), 107 Ill. App.2d 460).
The defendants contend that, by reason of our holding in Peters, the trial court did not have jurisdiction to issue a temporary restraining order; that the injunction in the instant case was thus void, and not merely erroneous; and that the refusal to obey a void order could not be the basis for a contempt judgment.
The verified complaint, upon which the temporary restraining order issued at about 5:30 A.M., on November 1, alleged, among other things, that the plaintiff was the only existing hospital in the city of West Frankfort; that it provided facilities for the care of 80 or more persons; that it was the closest hospital facility for about 9,000 persons who resided within the city and for others in the immediate area; that approximately 40 persons were still in the hospital, some of whom were in critical or near critical condition; that to deny these persons the essential services of the hospital would endanger their health and safety; and that the public health and welfare would thus be endangered by the continued strike and picketing.
Apparently the complaint was drafted to conform to the law as pronounced in the opinion of the appellate court in Peters (107 Ill. App.2d 460). So far as we have ascertained, the Peters opinion stated the law then applicable to the facts of this case and was binding upon the trial court. Hughes v. Medendorp (1938), 294 Ill. App. 424, 427-428.
In Peters, the appellate court held that the care for the *500 sick and injured was so urgent and vital that the right of hospital employees to strike should be enjoined; and that the Anti-Injunction Act did not necessarily prevent the court from enjoining either a strike or peaceful picketing of a not-for-profit hospital. 107 Ill. App.2d 460, 465.
In the case at bar, we believe that the trial court relied on the appellate court opinion in Peters when it issued its temporary restraining order, held that it had jurisdiction to enter such an order, and that any violation thereof could subject its violators to the contempt powers of the court. Faris v. Faris (1966), 35 Ill.2d 305, 309; Cummings-Landau Laundry Machinery Co. v. Koplin (1944), 386 Ill. 368, 383.
In County of Peoria v. Benedict (1970), 47 Ill.2d 166, we had before us an injunction enjoining a strike and picketing of a nursing home and a contempt finding for the violation thereof. We there noted that the preliminary injunction was erroneously issued in view of our holding in Peters v. South Chicago Community Hospital (1969), 44 Ill.2d 22. However, in County of Peoria, at page 170, we stated: "Nevertheless, that injunction, while in force cannot be disregarded. Decisions of the United States Supreme Court and the Illinois Supreme Court have unequivocally held that where employees believe an injunction may have been improvidently issued they must first seek and obtain a judicial determination of its legality, and cannot disregard its mandate or violate its prohibitions with impunity. Walter v. City of Birmingham, 388 U.S. 307, 320, 321, 18 L.Ed.2d 1210, 87 S.Ct. 1824; United States v. United Mine Workers of America, 330 U.S. 258, 293, 91 L.Ed. 884; Howat v. Kansas, 258 U.S. 181, 66 L.Ed. 550; Board of Education, Kankakee School Dist. v. Kankakee Federation of Teachers, 46 Ill.2d 433; Faris v. Faris, 35 Ill.2d 305, 309." In County of Peoria we likewise observed that the circuit court, in issuing the preliminary injunction, had jurisdiction of the subject matter by virtue of the Injunction Act. Ill. Rev. Stat. 1969, ch. 69, par. 1 et seq.
*501 In Board of Education v. Kankakee Federation of Teachers (1970), 46 Ill.2d 439, we also held that failure to obey a temporary restraining order against striking and picketing the schools in question subjected the violators to contempt of court; and that so long as there was jurisdiction over the persons and the subject matter, invoked by proper pleadings, the injunction must be obeyed, no matter how erroneous. The issue of whether the restraining order is erroneous is not before the court in a subsequent contempt proceeding for disobedience of the order. The single issue then before the court is whether the defendants could properly be found in contempt for their failure to comply with the order. Again, we noted the court's jurisdiction by reason of the Injunction Act. 46 Ill.2d at 445.
We believe that the Board of Education v. Federation of Teachers and County of Peoria cases are determinative of the present case.
The defendants argue that under Walker v. City of Birmingham (1967), 388 U.S. 307, 18 L.Ed.2d 1210, 87 S.Ct. 1824, one may challenge a finding of contempt based upon the violation of an injunction which is transparently invalid or has only a frivolous pretense to validity. In Walker, the court held that even though a city ordinance upon which an injunction was based was probably unconstitutional, the petitioners could not question its constitutionality in a contempt proceeding for the violation of the injunction. The court noted that if there is jurisdiction, an injunction must be obeyed even if totally erroneous. It suggested that if the injunction were transparently invalid or had only a frivolous pretense to validity, then these defenses could be raised in a subsequent contempt proceeding. 388 U.S. at 315. However, we do not believe any such transparent invalidity was present in the case at bar.
The defendants contend that they were justified in disobeying the temporary restraining order because this court in Fenske Bros. v. Upholsterers International Union *502 (1934), 358 Ill. 239, in effect, held that the Anti-Injunction Act deprives the courts of jurisdiction to enjoin peaceful picketing. Our decisions in County of Peoria, Kankakee School Dist., Peters, and Redding, all clearly suggest that the Anti-Injunction Act did not deprive any court of jurisdiction. In Fenske Bros., contrary to the defendants' contention, this court stated at page 257: "It is to be noticed, however, that the statute in controversy does not deprive circuit courts of jurisdiction to restrain any unlawful act, nor of jurisdiction to determine whether or not any act complained of is legal or illegal."
As in the County of Peoria and Board of Education v. Federation of Teachers cases, the defendants here contend that under the authority of Carroll v. President and Comrs. of Princess Anne (1968), 393 U.S. 175, 21 L.Ed.2d 325, 89 S.Ct. 347, the circuit court should not have issued the restraining order ex parte. We noted in the two mentioned Illinois cases, wherein the issue of picketing was involved, that in Carroll the issue was a prior restraint on freedom of speech in connection with a racist rally. Picketing has not been accorded the same unlimited protection by the first and fourteenth amendments as other forms of speech and communication; and in Carroll, those who challenged the validity of the injunction did not disobey its provisions.
In view of the allegations of the complaint in the instant case and the law at the time in question, we believe that the circuit court was warranted in issuing the temporary restraining order without notice. (Ill. Rev. Stat. 1969, ch. 69, par. 3-1.) Therefore, its order finding the defendants in contempt of court for failure to obey its command was proper. We find no abuse of discretion in the fines imposed by the court.
Accordingly, the judgment of the appellate court is reversed and the judgment of the circuit court is affirmed.
Appellate court reversed; circuit court affirmed.