THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* BRADLEY W. PITTS, Defendant-Appellant.

Fourth District   No. 15908

Opinion filed April 25, 1980.

John M. Hollenbeck, of Marshall, for appellant.

Tracy Resch, State's Attorney, of Marshall, for the People.

Mr. JUSTICE GREEN delivered the opinion of the court:

The combined effect of section 5—5—3 of the Unified Code of Corrections (Ill. Rev. Stat., 1978 Supp., ch. 38, par. 1005—5—3) and section 5—5—6 of that Code (Ill. Rev. Stat. 1977, ch. 38, par. 1005—5—6) is to permit a trial court to order a convicted defendant to make restitution even though he was not sentenced to probation or conditional discharge. The latter section states, "If restitution is part of the disposition, the defendant shall" do so "in accordance with the following: (a) A pre-sentencing hearing *shall* be held to assess" his "financial capacity * * * to make restitution" and to determine "the amount and conditions" thereof. (Emphasis added.) The issue in this case is whether failure to hold the hearing is a jurisdictional defect which makes a restitution order void and subject to collateral attack at any time.

Defendant Bradley W. Pitts was convicted in the circuit court of Clark County of several traffic offenses. A sentencing order entered on July 16, 1979, ordered him to make restitution to a victim of those offenses in the sum of $250. On August 17, 1979, more than 30 days from the entry of the order, he filed a petition to vacate the portion of the order requiring him to make restitution. He claimed that portion of the order was void. On October 1, 1979, the court denied the petition. He appeals claiming the trial court's failure to hold the required presentence hearing deprived the court of jurisdiction to order restitution, thus making that portion of the order subject to collateral attack.

Rather than filing a report of proceedings, defendant has filed a statement of facts agreed to by the State. It states that (1) defendant never requested a "separate or further hearing be held on the amount of damage suffered" by the victim, and (2) the victim testified at trial that in his opinion the cost of repairing the damage caused by defendant would be approximately $270. The statement thus clearly indicates that no hearing as required by section 5—5—6 was ever held. It also indicates that no evidence was ever received to determine defendant's "financial capacity" to provide the restitution.

Defendant's position relies upon a theory that even a trial court of general jurisdiction has power to proceed in a proceeding provided for by statute only by following the terms of the statutory grant of power. His comprehensive brief cites many cases which have approved such a general statement. Among them are *People ex rel. Scott v. Janson* (1973), 10 Ill. App. 3d 787, 295 N.E.2d 140, *rev'd on other grounds* (1974), 57 Ill. 2d 451, 312 N.E.2d 620, and *United Mine Workers of America Union Hospital v. United Mine Workers of America District No. 50* (1971), 1 Ill. App. 3d 822, 275 N.E.2d 231, *rev'd on other grounds* (1972), 52 Ill. 2d 496, 288 N.E.2d 455. The terms of article VI, section 9, of the Illinois

Constitution of 1970 give the circuit court "original jurisdiction of all justiciable matters * * *." The concept of its subject matter jurisdiction may be somewhat changed from that of a prior era. (See *People v. Gilmore* (1976), 63 Ill. 2d 23, 344 N.E.2d 456.) However, in ruling in a direct attack on an order of a circuit court dismissing a criminal charge against a defendant because he was incompetent, the appellate court in *People v. Byrnes* (1975), 34 Ill. App. 3d 983, 341 N.E.2d 729, spoke of the court as being without jurisdiction to enter the order of dismissal because of its lack of either a common law power or a statutory ground for doing so.

Regardless of the extent to which a circuit court's subject matter jurisdiction is generally dependent upon following statutory procedures, we conclude that the court's jurisdiction to require restitution here was not dependent upon holding a presentence hearing although it may have been error to proceed without doing so. Section 5—4—1 of the Unified Code of Corrections (Ill. Rev. Stat., 1978 Supp., ch. 38, par. 1005—4—1) has always provided that after guilt has been determined "a hearing *shall* be held to impose the sentence." (Emphasis added.) Despite the fact that there, as here, the statute says the hearing "shall" be held, the requirement has been deemed to be subject to waiver under certain circumstances. (*People v. Barto* (1976), 63 Ill. 2d 17, 344 N.E.2d 433; *People v. Thomas* (1976), 37 Ill. App. 3d 55, 347 N.E.2d 264, *rev'd in part on other grounds* (1977), 67 Ill. 2d 388, 367 N.E.2d 1281.) If holding of the hearing were a prerequisite to the court's having subject matter jurisdiction, then the holding of the hearing could not be waived. *Spears v. Spears* (1977), 52 Ill. App. 3d 695, 367 N.E.2d 1004.

Analogy can also be made to the cases of *People v. Stufflebean* (1979), 73 Ill. App. 3d 801, 392 N.E.2d 414, and *People v. Dean* (1977), 52 Ill. App. 3d 383, 367 N.E.2d 419. Section 5—6—4(b) of the Unified Code of Corrections (Ill. Rev. Stat., 1978 Supp., ch. 38, par. 1005—6—4(b)) provides that when a petition to revoke criminal probation is filed against a probationer who is incarcerated, the petition "*shall*" (emphasis added) be heard within 14 days. In *Stufflebean* the court affirmed an order of revocation entered against an incarcerated probationer after a tardy hearing. The court stated that the probationer's only remedy for the delay would have been to obtain a release from custody pending hearing after the expiration of the 14 days in custody. Likewise, in *Dean* failure to timely hold a hearing to revoke juvenile probation under section 5—3(4) of the Juvenile Court Act (Ill. Rev. Stat. 1977, ch. 37, par. 705—3(4)), which contained a similar 15-day time limitation when the respondent was incarcerated, was held not to deprive the trial court of jurisdiction.

For the reasons stated we affirm the trial court order denying the

petition to vacate the portion of the order requiring the defendant to make restitution.

Affirmed.

WEBBER and CRAVEN, JJ., concur.