(No. 35995.—

THE VILLAGE OF SPILLERTOWN, Appellee, *vs.* RAYMOND PREWITT, Appellant.

*Opinion filed January 20, 1961.*

Ralph W. Harris, and Melvin F. Wingersky, both of Marion, for appellant.

Robert L. Butler, of Marion, for appellee.

Mr. Justice House delivered the opinion of the court:

This is an appeal from a decree restraining the defendant, Raymond Prewitt, from removing coal by the stripping method or process within the boundaries of the village of Spillertown. The defendant attacks the validity of the ordinance and raises other constitutional questions.

The village of Spillertown adopted an ordinance on November: 12, 1958, by which it declared the mining of coal by the stripping process to be dangerous and hazardous to the life, limb and property of its citizens, and prohibited strip mining operations within the corporate limits. A fine of not to exceed $200 for each offense was provided and each day of mining constituted a separate offense.

Defendant is the owner of a lot 165 feet long by 105 feet wide. An 8-foot vein of coal underlies the lot with an overburden of sandy loam from 13 to 16 feet deep. Subsequent to the adoption of the ordinance defendant began removing the soil with a drag line, and by May 1959 he had stripped to within 6 feet of a neighbor's lot line creating a hole extending down approximately 16 feet, the last 3 or 4 feet of which was filled with water. He was twice arrested for violating the ordinance but persisted in his operations until the filing of this proceeding. At a village board meeting on May 4, 1959, the defendant was defiant, and openly declared that he was going to strip the lot even if it meant the imposition of fines.

The complaint alleged that the defendant has no concern for the rights, health or welfare of the citizens, that small children live in homes within 30 feet of the lot, that

the stripping operation is a nuisance and a hazard to the citizens of the village, that defendant has no assets from which persons may be compensated for injuries as a result of his acts, and if such mining is continued the citizens will be irreparably injured and damaged. A temporary injunction was issued and after a hearing the decree appealed from was entered making the injunction permanent.

Defendant denies that statutory power or authority exists to adopt the ordinance. It is urged that strip mining is harmless, does not interfere with the public health or safety and cannot be classified as a nuisance *per se*. The mining of coal by the strip mining process is a legitimate business and in some areas harmless, but the close and confined areas of a city or village, where citizens and their families necesarily live in close proximity, is not such an area. The deep cuts, steep slopes and water-filled holes abutting on public streets, all necessary adjuncts to strip mining, present a real and imminent danger to the safety and health of the public. While there is no specific authority to prohibit strip mining in a city or village we think there is ample authority for its prohibition. Section 23—81 of the Cities and Villages Act (Ill. Rev. Stat. 1959, chap. 24, par. 23—81) grants power "To do all acts and make all regulations which may be necessary or expedient for the promotion of health or the suppression of diseases." Section 23—105 of the same act grants the power to enforce all necessary police ordinances. It has often been said that the most important of the police powers is the preservation of the health and safety of the citizens of a community. (*City of Chicago* v. *Kluever*, 257 Ill. 317; *Biffer* v. *City of Chicago*, 278 Ill. 562.) Here, the village board in its discretion found the occupation of strip mining within its borders dangerous and hazardous to its citizenry and adopted the ordinance for the preservation of the public health and safety.

This court protected strip mining operators from un-

lawful invasion of their property rights, where legislation in the guise of a health measure required leveling of spoil banks in *Northern Illinois Coal Corp.* v. *Medill,* 397 Ill. 98, and where a zoning regulation prohibited strip mining in practically a whole county in *Midland Electric Coal Corp.* v. *County of Knox,* 1 Ill.2d 200. Both cases, as well as a host of others, while recognizing the right of an owner to use his property for his own purposes in his own way, have always adhered to the principle that his use is subject to such restraints as are necessary to secure the public welfare.

The evidence established that defendant's operation was close to a street and to dwellings where small children lived and that the 16 or 17-foot hole was partially filled with water. Nothing appears in the record to show that this same condition would not prevail at any other place in the village. Under such circumstances it seems obvious that the public health and safety were endangered and that the powers granted to the village were sufficiently broad to authorize the adoption of the ordinance.

Defendant next contends that the ordinance is of a criminal nature, cannot be enforced in a chancery action, and is in violation of his right to trial by jury guaranteed under section 5 of article II of the Illinois constitution. Prosecution for operations from day to day would be vexatious and make a mockery of the stated intent of the ordinance to protect the public. It has long been recognized that a court of equity has jurisdiction where the enforcement of the criminal law is merely incidental to the general relief sought. (*People* v. *City of St. Louis,* 5 Gilm. 351; *Stead* v. *Fortner,* 255 Ill. 468.) This action is not a criminal proceeding and he is not constitutionally entitled to a trial by jury. *People ex rel. Kerner* v. *Huls,* 355 Ill. 412.

Finally, it is contended that the ordinance is invalid because it confiscates defendant's property without compensation and violates the due process clauses of the State and

Federal constitutions. As we have pointed out, the ordinance is neither unreasonable nor arbitrary, and the fact that the exercise of the police power precludes what may be a more profitable use of the property does not violate defendant's constitutional rights. *City of West Frankfort* v. *Fullop*, 6 Ill.2d 609.

The decree of the circuit court of Williamson County is right, and it is affirmed.

*Decree affirmed.*