BOHN ALUMINUM & BRASS COMPANY, Plaintiff-Appellee, *v.* LEWIS BARKER, Defendant-Appellant.

(No. 11317; )

Fourth District—June 12, 1974.

Katz & Friedman, of Chicago (Harold A. Katz, Irving M. Friedman, and Zenia S. Goodman, of counsel), for appellant.

Massey, Anderson, Gibson & Pearman, of Paris, for appellee.

Mr. PRESIDING JUSTICE SMITH delivered the opinion of the court:

On its first visit to this court, we dismissed the appeal, with one judge dissenting, and held that a temporary restraining order was not appealable under Supreme Court Rule 307 (Ill. Rev. Stat. 1969, ch. 110A, par. 307), relating to interlocutory appeals as a matter of right. This order of dismissal was reversed by the supreme court in *Bohn Aluminum & Brass Co. v. Barker*, 55 Ill.2d 177, 303 N.E.2d 1, and remanded to this court. We therefore turn our attention to the issues raised on the original appeal.

Without notice to the defendant and without bond, the trial court issued a temporary restraining order against the defendants prohibiting them from "Interfering with ingress to and egress from the * * * plant * * * by blocking, stopping or otherwise impeding said ingress and egress or in any manner preventing vehicles or pedestrial traffic from entering or leaving said plant and (2) threatening or otherwise intimidating employees of Plaintiff or other persons seeking to enter or leave the premises of Plaintiff by throwing rocks, marbles, nuts and bolts at said persons or their property or the property of the Plaintiff, or by telephone calls to employees or other persons doing business with the Plaintiff." This order was entered on May 5, 1970, at 1:25 P.M. and by its terms expired on May 15, at 1 P.M. unless extended by the order of the court for good cause shown. A copy of this order was served on the defendant, Lewis Barker, the following day by delivering same to him personally. The matter was set for 1 P.M. on May 14. On May 13, the defendant filed a motion to dissolve this temporary restraining order and for the allowance of costs and damages. On motion of defendant's counsel, a hearing on the motion for temporary restraining order was continued to May 19 at 8:30 A.M. as well as the defendant's motion to dissolve the restraining order. In his order setting said motion, the trial judge likewise extended the force and effect of the temporary restraining order until 8:30 A.M. on Tuesday, May 19, 1970, "at which time said temporary restraining order shall expire unless further extended". On May 19, the court denied the defendant's motion to dissolve the restraining order. Thereafter on May 28, the defendant appealed from the restraining order entered on May 5 and from the order denying the defendant's motion to dissolve the restraining order.

It is at once apparent that the trial court meticulously followed the procedural requirements prescribed by the law on injunctions (Ill. Rev. Stat. 1969, ch. 69, par. 3—1), except that no notice of the issuance of the temporary restraining order was given to the defendant prior to its issuance and no bond was required. The issue for us to consider, therefore, is the propriety of the trial court's action in issuing the order without notice and without bond. The record in this case does not disclose whether the plaintiff pursued his relief for a preliminary injunction on May 19 as the statute requires or merely permitted the temporary restraining order to expire by its own terms. In either event, the temporary restraining order became functus officio. At the time of the oral arguments in this court, it was stated that the underlying strike had been settled.

■■ On the question of notice, we have already observed that the temporary restraining order was issued in the afternoon of May 5 and

served on the defendant the next day. This fact alone suggests that even a short notice prior to the issuance of the temporary restraining order was clearly available. The last day upon which any disturbing occurrence took place was April 27. There was thus an intervening period of 7 to 8 days without any showing of violence or conduct suggesting irreparable harm or damage within the short time that would have been required to serve a pre-order notice. While we may assume from the affidavits and from the complaint that there was a reasonable apprehension that the conduct described would be continued, these activities had continued over a period of time from about March 4 to April 27. It may well be said that if the acts which the order enjoined were continuing on May 4 and 5 and the record so showed, the need and the propriety for a temporary restraining order without notice would be crystal clear. Such were the time limitations indicated in *General Electric Co. v. Local 997 UAW*, 8 Ill.App.2d 154, 130 N.E.2d 758, where photographs showing mass picketing, etc., the day the complaint was filed were attached to the complaint. There is nothing in this record to suggest that the delay of a day or two to give notice prior to the issuance of the temporary restraining order would have triggered any more inconvenience than the plaintiff had been undergoing for some 2 months or that the defendant in that short time could do anything which would seriously obstruct the court's power to deal justly and effectively with the issue in dispute after notice. (*Skarpinski v. Veterans of Foreign Wars of the United States*, 343 Ill.App. 271, 98 N.E.2d 858.) Notice and the opportunity to be heard are the lodestars of our jurisprudence. Under the circumstances shown by this record, it is our conclusion that the irreparable damage and harm required by our statute as a condition precedent to the issuance of a temporary restraining order without notice and without bond is not shown in this record. It follows, therefore, that the trial court should have allowed the defendant's motion to dissolve the temporary restraining injunction.

Accordingly, the order of the trial court issuing the temporary restraining order without notice and refusing to dissolve it must be and it is hereby reversed.

■■ The defendant's motion to dissolve likewise requested that the court award costs and damages for the improper issuance of the restraining order. Since the trial court did not have occasion to consider that issue, this cause is remanded to the trial court to now consider that issue under the provisions of the law on injunctions (Ill. Rev. Stat. 1969, ch. 69, par. 12). It is so ordered.

Reversed and remanded.

CRAVEN and TRAPP, JJ., concur.