THE COUNTY OF LAKE, Plaintiff-Appellee, *v.* SPARE THINGS, Defendant.— (CHARLES MASINI, Defendant-Appellant.)

(No. 73-280; ■■■■■■■■

Second District—April 11, 1975.

Alex Rafferty III, of Finn, Geiger & Rafferty, of Waukegan, for appellant.

Jack Hoogasian, State's Attorney, of Waukegan (Michael Sieman, Assistant State's Attorney, of counsel), for appellee.

Mr. JUSTICE THOMAS J. MORAN delivered the opinion of the court:

This is an appeal from an order entered June 19, 1973, in the Circuit Court of Lake County, finding the defendant in contempt of court for violating a temporary restraining order, and from an order directing the clerk to issue a permanent injunction. The court levied a fine of $1500 and sentenced the defendant to serve 60 days in the county jail for contempt of court. The order also provided that there issue a permanent injunction writ restraining the defendant from conducting any group gathering commonly known as a "Rock Concert Festival" within the confines of Lake County, Illinois, without first applying for and being granted a temporary use permit in accordance with certain controls and regulations. Since the permanent injunction portion of the order was neither raised nor argued in defendant's brief, we, for purposes of this opinion, deem it waived.

On Friday, May 25, 1973, plaintiff filed a verified complaint, accompanied by affidavits, stating that during the Memorial Day weekend (Friday, May 25, through Monday, May 28), the defendant planned to conduct a large group gathering, commonly referred to as a "rock concert festival" on property leased by him on Milwaukee Avenue in Wheeling, Illinois; that defendant had not applied for or been granted a temporary use permit for the leased-premises for such purposes, as required by the zoning ordinance; that on past occasions, when plaintiff set forth requirement standards for health, safety and welfare "of this group meeting" to be met, the requirements were breached; that plaintiff has no adequate remedy at law for the harm committed on past occasions by these group meetings; that unless defendant was enjoined, plaintiff would suffer irreparable harm, damage and injury because there would be (1) no adequate toilet facilities for the thousands of visitors, (2) no adequate noise control for the musical bands to observe, (3) no regulating hours of operation observed, (4) no adequate parking facilities available for the hundreds of cars located on and nearby this site, (5) no adequate traffic-flow controls to observe, (6) no arrangements for cleanup of junk, gar-

bage, and debris, and (7) no health standards would be observed for the serving of food or beverages to the thousands of visitors.

The complaint prayed for a temporary restraining order without notice because of harm which would result from undue delay before a hearing could be had on plaintiff's application for a preliminary injunction; that a preliminary injunction issue during the pendency of the action; and that upon final hearing, defendant be permanently enjoined from conducting these group gatherings without first obtaining a temporary use permit.

The court entered a temporary restraining order without notice. It first found "that an emergency exit[ed] as exhibited by the allegations of the verified complaint, and that unless a temporary restraining order * * * issue[ed], irreparable harm, or injury, or damage [would] result to the County of Lake, to the citizens thereof, and that said verified complaint exhibit[ed] good cause for issuance of a temporary restraining order without notice." [sic] The court then ordered that the defendant be "restrained from doing any act, or thing to conduct or to attempt to conduct any 'Rock Concert Festival', or concert of a rock band or rock bands at 981 North Milwaukee Avenue, Wheeling, Lake County, Illinois * * *. This Temporary Restraining Order shall expire by its own terms ten (10) days from the date hereof * * *. Issued May 25, 1973 at the hour of 4:20 p.m." The order was filed with the clerk and entered of record.

Instead of serving a copy of the temporary restraining order, an injunction writ, drawn upon the order, was delivered to the sheriff at 4:35 p.m., and served upon the defendant at 5:15 p.m. The verbiage of the writ and the temporary restraining order both contained references to the complaint as reasons for their issuance. The writ also stated, however, "We * * * DO STRICTLY COMMAND YOU, the said [defendant] * * * that YOU DO ABSOLUTELY DESIST AND REFRAIN FROM conducting any group gathering or 'Rock Concert Festival' within the County of Lake until the Honorable Court shall make other order to the contrary * * *. This Temporary Restraining Order shall expire ten days from the date hereof."

The defendant does not challenge the sufficiency of the evidence supporting the order of contempt. Suffice to say, that he wilfully violated the temporary restraining order on Friday and Saturday evenings. On Tuesday, May 26, following the weekend holiday, plaintiff filed a petition for a rule to show cause why the defendant should not be held in contempt for violating the order. The rule issued; was served May 29 on the defendant, and was thereafter continued. On June 7, defendant's motion to strike the plaintiff's complaint was denied. Defendant then answered

the petition for contempt, a hearing was had and, after certain amendments, the court entered the order appealed.

■■ Where a court has jurisdiction, a temporary restraining order issued without notice must be obeyed until reversed by that court or a court of review. This holds true even if the order is grounded upon erroneous actions of the court. Violation of such order is contempt of the lawful authority of the court, punishable as such. (*Board of Education v. Kankakee Federation of Teachers Local No. 886*, 46 Ill.2d 439, 445 (1970); *Walker v. City of Birmingham*, 388 U.S. 307, 18 L.Ed.2d 1210, 87 S.Ct. 1824 (1967).) Whether the temporary restraining order is erroneous does not become an issue in a contempt proceeding arising out of disobedience of that order. (*UMW Hospital v. UMW*, 52 Ill.2d 496, 501 (1972).) The rationale is that a voidable order, one entered erroneously by a court having jurisdiction, is not subject to collateral attack, whereas an order issued without jurisdiction is void and may be attacked either directly or indirectly at any time. (*Chicago Title & Trust Co. v. Mack*, 347 Ill. 480, 483 (1932); *Martin v. Schillo*, 389 Ill. 607, 609 (1945).) Therefore, in the instant case, if the temporary restraining order is erroneous, not void, the contempt order must be affirmed, since the facts underlying its entry are not challenged. (*Board of Education v. Kankakee Federation of Teachers*, *supra*.) Conversely, if the temporary restraining order is void for lack of jurisdiction, then the contempt order based upon it must fall. *Cory Corp. v. Fitzgerald*, 403 Ill. 409, 415 (1949).

■■■ To hold the temporary restraining order void, we must find that the court never obtained jurisdiction over either the subject matter or the defendant. General subject matter jurisdiction of the court to issue injunctions is granted by section 1 of the Injunction Act (Ill. Rev. Stat. 1971, ch. 69, par. 1); specific power to do so without notice and hearing, granted under sections 3 and 3—1 (Ill. Rev. Stat. 1971, ch. 69, pars. 3 and 3—1), can be invoked only where the verified complaint or affidavit sets forth specific facts to sufficiently apprise the court that immediate and irreparable injury, loss or damage will result if notice and hearing are had. While the two sections are similar, section 3—1 "prescribes more rigorously and in greater detail the proof of injury which must be made, and it sets a maximum time during which the defendant may be restrained when the restraining order is obtained *ex parte*." *Bohn Aluminum & Brass Co. v. Barker*, 55 Ill.2d 177, 183 (1973).

Prior notice is not necessary for the court to obtain jurisdiction. While some type of notice in all cases would be ideal (see Rendleman, *Toward Due Process in Injunction Procedure*, 1973, U. Ill. L.F. 221), experience teaches that this goal cannot always be obtained. The legislature was

aware of this when it enacted sections 3 and 3—1 of the Injunction Act which expressly dispenses with the necessity of notice and hearing in certain instances.

■■ With this background, we turn to the issues raised by defendant. Therein, he claims that the temporary restraining order is void because the pleadings upon which it was based contained only conclusions. Without reiterating the facts, we find that the verified complaint with accompanying affidavits, set out sufficient facts to invoke the jurisdiction of the court over the subject matter and thereby warranted the issuance of the temporary restraining order without notice and hearing. *UMW Hospital v. UMW, supra; Walker v. Birmingham, supra.*

■■ Defendant contends that because the writ of injunction (rather than a copy of the restraining order) was served upon him, (a) the court lacked jurisdiction over him, and (b) he could not be held in contempt for violating an order which was never served upon him. Actual notice, by personal service of the order or *otherwise,* is all that is required to obtain personal jurisdiction over the defendant. (Ill. Rev. Stat. 1971, ch. 69, par. 3—1.) It must also be noted that knowledge of the temporary restraining order, without service, has been held sufficient. (*Board of Junior College District No. 508 v. Cook County College Teachers Union,* 126 Ill.App.2d 418, 424 (1970), *cert. denied,* 402 U.S. 998 (1971).) Inasmuch as defendant was timely and personally served with the writ of injunction and since the language of the writ, in and of itself, explicitly set forth the acts sought to be restrained, there was sufficient compliance with section 3—1 to bind the defendant with the personal jurisdiction necessary for enforcement of the contempt order.

Without merit is defendant's complaint that there was no court order commanding issuance of the writ. The temporary restraining order, issued, filed and entered of record, was authority for its issuance.

■■ Defendant claims that it was error for the court to issue a temporary restraining order when plaintiff had an adequate remedy at law. This argument is based on a section of plaintiff's zoning ordinance which provides penalties for violation of the zoning code, specifically for failure to procure a temporary use permit. The law, however, is clearly contrary to defendant's position on this point. See *Village of Spillertown v. Prewitt,* 21 Ill.2d 228, 231 (1961); *People ex rel. Kerner v. Huls,* 355 Ill. 412, 417 (1934).

■■ Finally, defendant asserts that the temporary restraining order was void in that it did not (a) define the injury, (b) state why the harm would be irreparable, and (c) state the reasons for its being granted without notice. Were we to presume their accuracy, the order's lack of specificity on these points renders the order erroneous, not void. As earlier

discussed, an erroneous order must be directly, not collaterally, attacked. When, as here, the court has jurisdiction of the subject matter as well as jurisdiction of the person and, upon pleadings properly invoking its action, it issues an improvident order, that order cannot be disregarded with impunity. (*County of Peoria v. Benedict*, 47 Ill.2d 166, 170 (1970), *cert. denied*, 402 U.S. 929 (1971).) Since even an erroneous temporary restraining order issued without notice must be obeyed unless reversed by the issuing court or a court of review (*Board of Education v. Kankakee Federation of Teachers, supra; Walker v. City of Birmingham, supra*), defendant herein, by disobeying such order, was properly subject to contempt proceedings.

Judgment affirmed.

GUILD and CLARK, JJ., concur.