MARY LEE GEESBREGHT, Plaintiff-Appellant, *v.* JOHN GEESBREGHT, Defendant-Appellee.

First District (5th Division)   No. 77-1287

Opinion filed July 28, 1978.—Rehearing denied August 29, 1978.

38

Kathryn S. Bigley, of Ehrlich, Bundesen & Broecker, and Elsie G. Holzwarth, both of Chicago, for appellant.

R. David Broiles, of Hooper, Chappell & Broiles, of Ft. Worth, Texas, and Howard M. Brandstein, of Chicago, for appellee.

Mr. PRESIDING JUSTICE SULLIVAN delivered the opinion of the court:

Plaintiff brings this interlocutory appeal from the dissolution of a temporary restraining order which had prohibited defendant from removing their minor children from Illinois. She presents the following issues for review: (1) whether the trial court abused its discretion by dissolving the restraining order in the absence of proper notice and the opportunity to answer; (2) whether the trial court erred in giving full faith and credit to an interlocutory decree rendered by a sister State without subject matter jurisdiction; and (3) whether due process of law was denied by the trial court's failure to hold a hearing on the best interests of the children.

It appears that after their marriage in 1968, the parties resided in Cook County, Illinois, until 1972 when they took up residence in Texas up to the time that plaintiff left the marital home and returned to Cook County with their two children on January 20, 1976. On January 23, 1976, she filed a complaint for separate maintenance in Cook County in which she alleged that she and her children were residents of Illinois. In this action she sought to enjoin defendant from filing suit for divorce in Texas and to obtain custody of their two children, separate maintenance, child support, attorney fees and costs. Defendant was personally served in

Texas on February 6, 1976, but failed to appear and was in default when, on February 25, 1976, plaintiff was granted temporary custody of the children with $2,000 per month support, and he was enjoined from proceeding with any matrimonial action in Texas until the separate maintenance action here was finally adjudicated.

In the meantime, on February 10, 1976, defendant filed a petition for divorce in Texas. He alleged that the children's legal residence was in Texas and sought appointment as the children's temporary and permanent managing conservator. Under Texas law, the managing conservator retains all the rights, privileges, duties and powers of a parent except that during periods of visitation the possessory conservator (noncustodial parent) exercises such rights, privileges, duties and powers. Tex. Fam. Code §§14.02, 14.04 (1975).

On April 7, 1976, plaintiff appeared in the Texas proceeding and moved to stay it on grounds that she had previously filed a suit for separate maintenance in Illinois; that she and the children are Illinois domiciliaries; that Illinois obtained jurisdiction of the marital status and the status of the children; and that Illinois is the most appropriate forum to resolve the rights of the parties arising out of and with respect to their marriage. The Texas court denied her motion but awarded her temporary managing conservatorship (with visitation rights accorded to defendant) and $1,800 per month child support.

Thereafter, on April 9, plaintiff answered defendant's Texas suit and filed her own petition for divorce alleging that she is an Illinois domiciliary; that Illinois had acquired jurisdiction over the parties and the children; that Illinois had granted her temporary custody of the children; and that an award of permanent custody to her would be in the best interests of the children. In this regard, she sought appointment by the Texas court as permanent managing conservator of the children, permanent support, and an injunction restraining defendant from interfering with her possession of the children.

The issue of custody was tried in the Texas proceeding before a jury which found it in the best interests of the children that defendant be appointed as managing conservator and plaintiff as possessory conservator with unlimited visitation rights. On July 5, 1977, the Texas court entered an order to that effect; however, the order was interlocutory in nature as the issue of the appropriate division of marital property was left to be decided.

On August 12, 1977, plaintiff's motion for a stay pending appeal was denied by the Texas court and she was ordered to deliver the children to defendant. On that same day, she filed a petition here for a temporary restraining order, alleging that the children have resided in Illinois since January 1976; that defendant resides in Texas; that the Circuit Court of

Cook County has jurisdiction over all matters and questions relating to the children; that it is in the best interests of the children to remain in Illinois and to have their sole care, custody and control entrusted to her; that defendant was in default regarding her separate maintenance suit; that subsequent to the filing of such suit, defendant filed for divorce in Texas; that she filed an answer in defendant's Texas suit only because at that time she did not meet the residency requirement for an Illinois divorce; that the Texas court granted plaintiff temporary care, custody and control of the children; that thereafter she requested that the Illinois case be placed on the dormant calendar; that defendant had informed her that he was coming to Illinois to remove the children; that such removal would cause irreparable injury; that defendant is not entitled to notice since he is in default; that the Texas order awarding defendant managing conservatorship is interlocutory and therefore does not supersede the Illinois order; and that, as she is exercising her right of unlimited visitation under the Texas decree, the children should remain with her until a final judicial determination is made.

The same day, August 12, 1977, the trial court here, without notice to defendant, entered a temporary restraining order enjoining him from removing the children from Illinois until further order of court and, in addition, ordered that plaintiff continue to have care, custody and control of the children until the final determination of the cause of action pending in Texas.

On August 14, defendant came to Cook County with his attorney for delivery of the children pursuant to the Texas order and, when the children were not delivered he presented a motion here to dissolve the August 12 temporary restraining order. The motion was heard on August 16 and, although plaintiff did not appear, her attorney who was served with notice of the motion on August 15 did appear on her behalf. An objection was made to the motion on the grounds that one day's notice was insufficient in the absence of an emergency and that plaintiff should be given the opportunity to answer the motion. The court found that an emergency existed and gave plaintiff the opportunity to answer.

During the hearing, plaintiff's attorney admitted that his client was not an Illinois resident at the time of the filing of her separate maintenance action and stated that there was no question that both plaintiff and defendant were fit to have custody of the children. Counsel further said that it was plaintiff's desire to maintain the status quo; *i.e.*, her retention of custody until either she or defendant prosecutes an appeal in Texas as to the final determination of the order entered there. It was also argued that as the Texas decree was not final, it was not entitled to full faith and credit in Illinois. The trial court, however, after noting that plaintiff submitted herself and the children to the jurisdiction of the Texas court by answering defendant's action and by filing her petition, made the

following statement: "She chose her forum, she went there, she lost. Her appeal rights are there, not here. I'm not sitting as any Appellate Court on an action in Texas." The court then dissolved the temporary restraining order and ordered the children be delivered instanter to defendant.

The following day, August 17, plaintiff petitioned to vacate the dissolution of the temporary restraining order, alleging that it was entered without giving her an opportunity to file an answer; that defendant failed to allege that returning the children was an urgent matter; that it was in the best interests of their school age daughter to remain in an Illinois school; that the temporary restraining order was dissolved without a best interests hearing; that proof of the best interests of the children was not allowed; that full faith and credit was given to an interlocutory decree of Texas; and that the Texas court did not have jurisdiction over the children "since they have resided continuously in Illinois since prior to the filing of the Illinois and Texas litigation."

On the same date, defendant petitioned here for a writ of habeas corpus alleging that plaintiff was unlawfully detaining the children; that the children are in need of his care; that he was able to care for them; and that he had a right to custody based upon the order of August 16 here and the Texas decree. Defendant also petitioned for a rule to show cause and a writ of attachment. Plaintiff again appeared by counsel whose request for a custody hearing was denied, but the court stated it would consider plaintiff's reasons for not delivering the children should she personally appear in court. However, she did do so and the court, after finding that the cause was an emergency matter and that the Texas decree was entitled to full faith and credit, denied plaintiff's motion to vacate its order of August 16 and granted defendant's petitions for a writ of habeas corpus, rule to show cause and a writ of attachment.

On August 30, the Texas divorce decree became final, and defendant was granted the managing conservatorship. On the same day, plaintiff moved here to quash the rule to show cause and the writs. At the hearing on this motion, defendant testified that in his opinion it was in the best interests of the children that he be their managing conservator and that he possessed the ways and means to care for them. Plaintiff appeared only through her counsel, who stated that she had no evidence to offer. Thereafter, the trial court denied her motion to quash.

Opinion

Plaintiff first contends that the trial court abused its discretion by dissolving the temporary restraining order in the absence of proper notice and the opportunity to answer. We disagree.

Concerning the granting and/or dissolution of a temporary restraining order, it is provided that:

> "No temporary restraining order shall be granted without notice

to the adverse party unless it clearly appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss, or damage will result to the applicant before notice can be served and a hearing had thereon. * * * In case a temporary restraining order is granted without notice, the motion for a preliminary injunction shall be set down for hearing at the earliest possible time and takes precedence of all matters except older matters of the same character; and when the motion comes on for hearing the party who obtained the temporary restraining order shall proceed with the application for a preliminary injunction and, if he does not do so, the court shall dissolve the temporary restraining order.

On 2 days' notice to the party who obtained the temporary restraining order without notice or on such shorter notice to that party as the court may prescribe, the adverse party may appear and move its dissolution or modification and in that event the court shall proceed to hear and determine such motion as expeditiously as the ends of justice require." Ill. Rev. Stat. 1977, ch. 69, par. 3—1.

■■■ The granting of injunctive relief without notice is not favored, as such is a drastic remedy appropriate only under the most extreme circumstances; therefore, although a presumption of validity ordinarily attaches to the order of a court, no such presumption is indulged in favor of injunctive relief granted in the absence of notice. (*Bettendorf-Stanford Bakery Equipment Co. v. UAW Local 1906* (1977), 49 Ill. App. 3d 20, 363 N.E.2d 867.) In this regard, it has been said:

"It is well established that an injunction will not be issued on allegations in a complaint which are mere conclusions. [Citations.] Indeed, it is established law that plaintiff must set forth those facts in detail and with particularity which reveal plaintiff's right to injunctive relief. [Citation.] It has been held that the mere allegation of irreparable damage alone is nothing more than a statement of a conclusion, and hence, an insufficient basis for injunctive relief. [Citation.]" (*G. H. Sternberg & Co. v. Cellini* (1973), 16 Ill. App. 3d 1, 5-6, 305 N.E.2d 317, 320.)

A temporary restraining order without notice and hearing should be granted only where the verified complaint or affidavit sets forth specific facts to sufficiently apprise the court that immediate harm and irreparable injury will result if notice is given and a hearing held. (*County of Lake v. Spare Things* (1975), 27 Ill. App. 3d 179, 326 N.E.2d 186.) Accordingly, a motion to dissolve a temporary restraining order should be allowed where the record fails to show the irreparable damage and harm required by statute. *Bohn Aluminum & Brass Co. v. Barker* (1974), 20 Ill. App. 3d 20, 312 N.E.2d 722.

██ Here, plaintiff's counsel received notice of defendant's motion to dissolve the injunction one day, rather than the statutory two days, prior to the hearing. Counsel argues that such notice did not afford sufficient opportunity to file a written answer. As a motion to dissolve a temporary restraining order granted without notice is viewed as a continuation of the hearing which generated such order at which the order's opponent is accorded an opportunity to be heard (see *Bohn Aluminum & Brass Co. v. Barker* (1973), 55 Ill. 2d 177, 303 N.E.2d 1), providing time to file a written answer to a motion to dissolve would appear to be unnecessary. In any event, plaintiff here was afforded an opportunity to answer the motion. In view thereof, we see no abuse of discretion in hearing the matter on only one day's notice. This is particularly true where, as here, the injunction issued without notice and was based on a petition which alleged only the conclusion that irreparable injury would result if notice was given and a hearing held.

Plaintiff next contends the trial court erred in according full faith and credit to the Texas decree, which was interlocutory in nature and was entered without jurisdiction and without a best interests hearing. She further maintains that the failure to hold such a hearing violated due process of law. Again, we disagree.

In regard to the application of full faith and credit to child custody decrees, our supreme court has said:

"The extent to which the full-faith-and-credit clause of the Federal constitution embraces child custody decrees has never been conclusively delineated; indeed it is still an open question whether the clause is applicable to child custody decrees at all. [Citations.] * * *

The Supreme Court has expressly left open the question of whether or not the full-faith-and-credit clause applies to custody decrees. Recognizing that most of the States allow modification of a custody decree if it is in the best interests of the child, the Court has held only that '[w]hatever effect the Full Faith and Credit Clause may have with respect to custody decrees, it is clear * * * "that the State of the forum has at least as much leeway to disregard the judgment, to qualify it, or to depart from it as does the State where it is rendered." ' [Citations.]

* * * Two independent studies of large numbers of custody cases suggest that those courts which speak in terms of full faith and credit have actually exercised their discretion in the best interests of the child by finding either that the circumstances have changed since the issuance of the previous decree, and therefore that the sister State would have permitted modification, or by finding that the foreign court lacked jurisdiction to issue the previous decree. [Citations.] This view is reinforced by the

Restatement (Second) of Conflict of Laws which also concludes that the courts have been reluctant to grant full faith and credit to foreign custody decrees, even in the absence of changed conditions, if it would not be in the best interests of the child to do so. [Citations.]

\* \* \* Other courts when confronted with a foreign custody decree which has been modified at the request, and in favor, of a parent who is still a domiciliary of the foreign State, when the other parent and child are now domiciled in the forum State, have generally refused to grant full faith and credit to the modified decree on the ground that the foreign State no longer had jurisdiction over the other parent and child. [Citations.]" (*People ex rel Strand v. Harnetiaux* (1970), 46 Ill. 2d 424, 427-29, 263 N.E.2d 30, 32-33.)

In applying the rule of *Strand,* it has been observed that:

" 'Where a decree determining custody is entered upon default, it would be unrealistic to assume that the court which has no opportunity to observe the two contending parents upon the witness stand, or to examine the evidence concerning their fitness and the welfare of the child can serve the best interest of the child as well as it could in a court where the matter has been contested. It must accept the allegations of the petitioner or, at best, his uncross-examined testimony. In such a case, the rule that a change of circumstances must be shown before a change of custody can be ordered does not have its usual efficacy. Where, the court in the prior hearing heard the evidence and observed the parties, it can be assumed that all the circumstances existing at the time were made known to the court and that sound discretion was utilized. However, where the prior decree was entered by default, no such assumption can be indulged.' [Citation.]" *Hinton v. Searles* (1977), 53 Ill. App. 3d 433, 438, 368 N.E.2d 937, 941, quoting *Application of Caldwell* (Okla. 1974), 525 P.2d 641, 643.

Turning to the question of subject matter, we note that it has been defined as the power of a particular court to hear the type of case that is then before it. (*Faris v. Faris* (1966), 35 Ill. 2d 305, 220 N.E.2d 210.) Texas law provides that its courts have jurisdiction to determine the custody of minor children whenever such children are Texas domiciliaries or are present in Texas. (*Ex parte Birmingham* (1952), 150 Tex. 595, 244 S.W.2d 977; *Hinds v. Hinds* (Tex. Civ. App. 1973), 491 S.W.2d 448; *Everson v. Boydston* (Tex. Civ. App. 1964), 377 S.W.2d 117.) Under certain circumstances, minor children may acquire the domicile of the parent with whom they reside when parents are living apart. (*Worden v. Worden* (1949), 148 Tex. 356, 224 S.W.2d 187.) " '[T]he question of domicile is largely one of intention and \* \* \* to establish a new domicile

a person must physically go to a new home and live there with the intention of making it his permanent home.' ° ° ° Declarations as to domicile may be contradicted by evidence of acts and conduct inconsistent with such declarations." (*Fink v. Fink* (1976), 37 Ill. App. 3d 604, 607-08, 346 N.E.2d 415, 418.) Once the issue of jurisdiction has been joined and litigated, it may not be relitigated in a collateral proceeding. (*Kellogg v. Kellogg* (Tex. Civ. App. 1977), 559 S.W.2d 126; *Elkins v. West* (Tex. Civ. App. 1977), 554 S.W.2d 821.) Moreover, once jurisdiction has attached, the child's continued absence from Texas does not defeat such jurisdiction. See *Davis v. Spraggins* (Tex. Civ. App. 1969), 449 S.W.2d 80.

Concerning the interlocutory nature of the decree, we note that under Texas law the jury's determination awarding custody cannot be altered by the trial court and is not appealable until the trial court's final determination of other issues. (Tex. Fam. Code §11.13(b) (1975).) In any event, a custody decree is always viewed as temporary. *People ex rel. Bukovich v. Bukovich* (1968), 39 Ill. 2d 76, 233 N.E.2d 382.

■■ In the instant case, defendant filed a Texas divorce petition alleging that the children were Texas domiciliaries. Thereafter, plaintiff moved to stay the proceedings, asserting that the children were Illinois domiciliaries. Although this is the factual dispute which underlies plaintiff's attack on the jurisdiction of the Texas court, she has supplied no transcript of these proceedings. In denying this motion, the Texas court, of necessity, found the children to be Texas domiciliaries. This follows because a determination that they were domiciled in Illinois would have been inconsistent with the denial of plaintiff's motion as the parties agree that the children were not present within Texas at that time. More importantly, the facts before the trial court here were insufficient to show that when she came to Illinois from Texas she became an Illinois domiciliary; *i.e.*, while she made conclusory allegations to this effect, the record reveals no evidence of an intention to permanently reside in Illinois. To the contrary, in petitioning the Texas court for a divorce and the permanent managing conservatorship of her children, she indicated that she had not yet abandoned Texas for Illinois. Having failed to establish an Illinois domicile for herself, she could not change her children's domicile. Therefore, we are of the opinion that the record does not support plaintiff's contention that the trial court erred in failing to find the Texas decree to have been rendered without jurisdiction.

Neither do we believe that the interlocutory nature of the decree makes it any more temporary in nature than custody decrees in general which under proper circumstances are accorded full faith and credit. This is especially true here, as Texas law provides that the jury's determination, while appealable after final disposition of other issues, may not be disturbed at the trial level.

■■ Concerning the question of the best interests of the children, it

appears to us that such interests were actually considered by the court. Illinois had granted plaintiff custody in a default proceeding and a temporary restraining order in an ex parte proceeding. In neither instance was the question of the best interests of the children fully litigated. (*Hinton v. Searles.*) During the proceedings which are the subject of this appeal, plaintiff appeared only by counsel who admitted defendant was a fit person to have custody of the children, and defendant's testimony was to the same effect. It was only in Texas that both parents personally appeared before the court and litigated the question of the best interests of the child. While it is true that the trial court here refused to redetermine custody, it did offer plaintiff the opportunity to appear and testify as to her reasons for not delivering the children. It cannot be doubted that such testimony in the ordinary course of events would have dealt with the best interests of the children. If plaintiff had appeared to testify or made an offer of proof regarding the children's best interests and the trial court had disregarded such evidence, this issue would be properly before us. However, plaintiff did not avail herself of this opportunity nor did she give with specificity any reason why returning to Texas with their father was not in the children's best interests. In light thereof, we believe this case to be distinguishable from *Strand*, wherein the foreign judgment was rendered ex parte and *Hinton*, wherein evidence of child abuse was admitted. Here, the only evidence before the court showed that it was in the children's best interests to afford full faith and credit to the Texas decree, as it was based upon the only proceeding wherein such interests were fully litigated by both parents. Under these circumstances, we reject plaintiff's contention that the trial court erred (or denied due process of law) in dissolving the temporary restraining order.

For the reasons stated, the judgment appealed from is affirmed.

Affirmed.

LORENZ and WILSON, JJ., concur.